**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **O.E. by and through his parents** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2578** |
| **NEW ORLEANS REGION TRANSIT AUTHORITY** | **SECTION: "G"(4)** |

**ORDER AND REASONS**

Before the Court is Plaintiff O.E.'s ("Plaintiff") "Motion for Leave to Address RTA's Untimely Filed Opposition."[1] On August 26, 2026, Plaintiff filed a Motion to Compel Production of Documents,[2] which was set for submission on September 16, 2026. Under Local Rule 7.5, any opposition or response to a motion under submission must be filed at least eight days before the submission date. As such, any opposition or response to the motion was to be filed on or before September 8, 2026. On September 11, 2026, Defendant New Orleans Regional Transit Authority ("RTA") filed an untimely opposition.[3] RTA did not request leave of Court to file the untimely opposition, nor does it provide an explanation for the untimely opposition. Plaintiff now seeks leave to file a reply memorandum on September 18, 2026, in order to address the arguments raised in RTA's untimely opposition.

"Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely

[1] Rec. Doc. 105.

[2] Rec. Doc. 98.

[3] Rec. Doc. 104.

responses where the party failed to act because of excusable neglect."[4] A number of factors are relevant to a court's excusable neglect inquiry, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[5]

Considering RTA's untimely opposition and in the interest of allowing Plaintiff a fair opportunity to respond to the arguments raised therein, the Court finds good cause to permit Plaintiff to file a reply memorandum. Although RTA filed its opposition without first obtaining leave of Court, the Court, in its discretion, will consider the opposition. RTA is cautioned that future filings must comply with the deadlines established by the Local Rules of this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion[6] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff may file a reply memorandum in further support of the Motion to Compel no later than September 18, 2026.

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (internal quotation marks omitted); *see Vasudevan v. Adm'rs of Tulane Educ. Fund*, No. 17-30160, 2017 WL 3616380, at *3 (5th Cir. Aug. 22, 2017) (applying the "excusable neglect" standard to a district court's ruling on a motion to strike an untimely opposition).

[5] *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original). Landry carries the burden of demonstrating excusable neglect. *See Traffic Scan Network, Inc. v. Winston*, No. 92-2243, 1995 WL 83932, at *1 (E.D. La. Feb. 24, 1995) (Vance, J.) ("The burden of establishing excusable neglect is on the party seeking the enlargement of time.").

[6] Rec. Doc. 105.